FILED'10 JUN 9 14:39USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN BRADLEY STRAWN,

    Petitioner,

v.

BRIAN BELLEQUE,

    Respondent.

Civil No. 08-1009-PA

OPINION AND ORDER

Kristina Hellman
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he challenges a decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") denying him re-release following the revocation of his parole, and re-setting his release date following a 68-month term of incarceration. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

The background of this case is taken from the Oregon Court of Appeals' published opinion in *Strawn v. Board of Parole and Post-Prison Supervision*, 176 P.3d 426 (2008):

> In 1983 and 1984, petitioner was convicted in separate Linn County cases of two counts of unauthorized use of a vehicle and one count of theft in the first degree. He was eventually sentenced to five years' imprisonment on each conviction, the three sentences to be served consecutively to each other.
>
> In January 1986, after petitioner committed new crimes, his parole was revoked and he was returned to Department of Corrections (DOC) custody. On April 3, 1986, petitioner was convicted in two separate proceedings in Linn County of robbery in the first degree, ORS 164.415, and burglary in the first degree, ORS 164.225. On the robbery conviction, the trial court sentenced petitioner to an indeterminate maximum sentence of imprisonment of 20 years with a 10-year minimum. On the burglary conviction, it sentenced him to 10 years with a five-year minimum, to be served concurrently with the 20-year sentence for robbery. ORS 144.110; ORS 161.605. The court also ordered that both of those sentences be served consecutively to the three five-year sentences imposed in the earlier Linn County cases and to a sentence imposed in a Washington County case.

2 - OPINION AND ORDER

On August 5, 1986, the board held a hearing and issued an order in which it "sustained a 120 month minimum" and established a parole release date of January 14, 1996. The board's order listed petitioner's then-existing six sentences in the following order: the three five-year Linn County sentences; the three-year Washington County sentence; the 10-year Linn County sentence for burglary in the first degree; and the 20-year robbery sentence at issue here. By notations in a column headed "CS TO," the order indicated that petitioner's second five-year sentence was consecutive to the first and that the third sentence was consecutive to the second. It also stated, apparently erroneously, that petitioner's 10-year sentence for burglary and his 20-year sentence for robbery were consecutive to his fourth-listed sentence -- the three-year Washington County sentence, which itself was not listed as consecutive to any other sentence. Also, in the column headed "SENTENCE BEGINS," the order listed the date ""05-10-84" for petitioner's three five-year Linn County sentences; the date "02/25/86" for petitioner's three-year Washington County sentence; and the date "04/01/86' for petitioner's burglary and robbery sentences. Finally, the order listed petitioner's "GOODTIME" date -- that is, the date resulting from the application of statutory sentence reductions to his combined indeterminate sentences, see ORS 421.120 -- as August 25, 2007, and his "EXP[iration] DATE" -- the date on which his last sentence would be completed -- as November 12, 2018.

Next, on a form dated July 12, 1990, petitioner's burglary and robbery sentences were again listed as being consecutive to his three-year Washington County sentence rather than to his five-year Linn County sentences. However, the column formerly headed "SENTENCE BEGINS" was now headed "SENT[ence] DATE," albeit with the same dates as those described above. In addition, the form noted that petitioner's "OFFENDER G[ood] T[ime] D[a]T[e]" was now November 25, 2007, and that his "EXP[iration] D[a]T[e]" -- that is, his ultimate combined -- sentence expiration date -- was now November 12, 2017.

In a form dated February 28, 1991, the board again listed petitioner's burglary and robbery sentences as consecutive to his Washington County sentence rather than his five-year Linn County sentences. In contrast to the previous order, however, the board overrode petitioner's 120-month minimum and, having "considered [petitioner's]

3 - OPINION AND ORDER

behavior over the first 5 years under review," granted a 12-month reduction in petitioner's prison term; the result was a parole release date of January 14, 1995. The form continued to denominate April 1, 1986, as the "sentence date" for the Linn County burglary and robbery convictions and continued to list petitioner's combined "good time" and sentence expiration dates as November 25, 2007, and November 12, 2017, respectively.

On August 15, 1994, the board withdrew petitioner's 12-month prison term reduction, granted a 15-month reduction in its place, set a parole release date of October 14, 1994, and modified his "offender" expiration date to March 26, 2016. Other aspects of the form remained the same, including the November 25, 2007, good time date and the apparently erroneous notation that the robbery sentence was consecutive to the Washington County sentence rather than the three consecutive five-year Linn County sentences.

Petitioner was released on parole in October 1994. He violated parole and was sanctioned several times. Board orders during that period continued to reflect that the sentencing date for his robbery conviction was April 1, 1986, and that that sentence was consecutive to his Washington County sentence.

Beginning in January 1998, board orders further reflected that petitioner's Washington County sentence had expired on January 15, 1988. In May 2000, a board order indicated that petitioner was receiving a sanction of 204 days' confinement for a parole violation and that his new parole release date was May 17, 2000. It also explained, however, that petitioner had been convicted of new crimes that had resulted in the imposition of concurrent sentencing guidelines sentences, the release date of which would be later than petitioner's parole release date; the board noted that DOC would compute the release date on the sentencing guidelines sentences. The May 2000 order continued to list petitioner's sentence on his first-degree robbery conviction as consecutive to his now-expired three-year Washington County sentence and continued to list "04-01-1986" as the "SENT[ence] DATE" for the 20-year robbery sentence. Nevertheless, it also listed September 28, 2009, as his good time date and September 3, 2014, as his "MATRIX Exp[iration] D[a]T[e]."

4 - OPINION AND ORDER

> After completion of his new sentencing guidelines incarceration terms in May 2003, petitioner again was paroled on his remaining indeterminate sentence. As pertinent here, in February 2005, the board revoked petitioner's parole and ordered a future disposition hearing. On May 25, 2005, following that hearing, the board issued an order denying re-release and setting petitioner's parole release date as September 26, 2010. The order listed petitioner's good time date as January 9, 2011, and his "Matrix" -- that is, his indeterminate sentence -- expiration date as December 21, 2013.

*Strawn*, 176 P.3d at 427-28.

On March 8, 2006, petitioner filed a state habeas corpus petition challenging the Board's May 25, 2005 decision. The state habeas trial court dismissed the action because "[t]he remedy of habeas corpus is not available to those who neglect to seek appellate review."[1] Respondent's Exhibit 113. The Oregon Court of Appeals affirmed this decision without issuing a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 118, 120.

On October 4, 2006, petitioner moved for leave to proceed with appellate judicial review of the Board's May 25, 2005 decision. In his supporting memorandum, petitioner alleged that the Board erred when it denied him re-release on parole and reset his parole release date to September 26, 2010. In a written opinion, the Oregon Court of Appeals rejected petitioner's arguments supporting

---

[1] The state habeas trial court noted that petitioner's case was subject to dismissal not only because he had an alternative remedy available to him, but also for "the reasons set forth in defendant's Motion to Dismiss. . . ." Respondent's Exhibit 113.

5 - OPINION AND ORDER

this claim, concluding that "substantial evidence supports the boards implicit determination in its May 25, 2005, order that petitioner's 20-year robbery sentence did not begin running in 1986 and, consequently, did not expire in 2006." *Id* at 7. The Oregon Supreme Court denied review. Respondent's Exhibit 134.

Petitioner filed this federal habeas corpus action on August 27, 2008 raising six grounds for relief:

1. The Board violated petitioner's right to due process when it determined that his 20-year term of imprisonment did not commence on April 1, 1986 after making such a finding at petitioner's prison term hearing;

2. State habeas trial counsel refused to present plaintiff's due process claim;

3-4. Petitioner's rights to due process and to be free from *ex post facto* punishment were violated when he was refused credit for time served on three Linn County sentences;

5. The Board's constructive re-sentencing of petitioner infringes upon his double jeopardy rights; and

6. The trial court erred in granting the State's Motion to Dismiss petitioner's state habeas action.

Respondent asks the court to deny relief on the Petition because: (1) Grounds Two, Three, Four, and Five were not fairly presented to Oregon's state courts and are now procedurally defaulted; and (2) the state court decisions denying relief on Grounds One and Six are entitled to deference.

///

///

6 - OPINION AND ORDER

## DISCUSSION

I. **Exhaustion and Procedural Default**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim

7 - OPINION AND ORDER

unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Respondent asserts that petitioner failed to fairly present Grounds Two, Three, Four, and Five to Oregon's state courts. Specifically, he contends that Ground Two was never raised in any state court proceeding, and that Grounds Three, Four, and Five were not only rejected on state procedural grounds by the state habeas trial court, but that petitioner also failed to contend on appeal that the Board or the Department of Corrections violated any federal right.

A review of the record reveals that petitioner was not allowed to proceed with the merits of the claims he raised in the habeas trial court. As he, himself, described the outcome of that case in his Appellant's Brief, "The trial court in this habeas case granted the state's motion to dismiss because it believed that plaintiff had an appellate remedy available." Respondent's Exhibit 114, p. 2. His appeal primarily focused on whether that procedural ruling was correct, and he claimed that "at the very least, plaintiff is entitled to remand for a hearing on the petition, in order to make a full record of his claims." *Id* at 9. Thus, petitioner's challenge was to the state procedural ruling of the

8 - OPINION AND ORDER

habeas trial court, and his only preserved claim was whether the trial court's refusal "to hold a hearing on the merits of the case" violated his Fourteenth Amendment right to due process. *Id.* This is petitioner's Ground Six claim, which the State concedes was fairly presented.

Because petitioner failed to present Grounds Two,[2] Three, Four, and Five to Oregon's state courts in a procedural context in which the merits were considered, they were not fairly presented.[3] As he may no longer present these claims in Oregon's state courts, they are procedurally defaulted. Petitioner does not argue cause and prejudice, nor does he make a colorable showing of actual innocence sufficient to excuse the default.

## II. The Merits

### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in

---

[2] Petitioner's claim that his state habeas attorney was constitutionally deficient fails because petitioner had no constitutional right to counsel in a collateral proceeding. *See Smith v. Idaho*, 383 F.3d 934, 939 (9th Cir. 2004).

[3] Petitioner not only failed to fairly present his claims to the state courts because he raised them in a context in which the merits were not considered, but the state habeas court's decision also operates as an independent and adequate state law bar to petitioner's claims. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) (precluding federal court review of a claim which was denied in state court based on an independent and adequate state procedural rule).

9 - OPINION AND ORDER

a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

///

10 - OPINION AND ORDER

B.  **Ground One Analysis**

In Ground One, petitioner alleges that the Board's decision to deny him re-release on parole and reset his parole release date to September 26, 2010 violated his right to due process because the Board had previously "un-summed" his 20-year Robbery sentence, effectively making it concurrent to his other sentences and deeming that sentence to have begun running on April 1, 1986. Petitioner directs the court's attention to the record where the Board repeatedly stated that his sentence for Robbery began on April 1, 1986.

In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court held that due process during a prison disciplinary hearing requires that "some evidence" exist to support the findings made during such a hearing. *Id* at 455. The "some evidence" standard also applies to parole hearings, *McQuillon v. Duncan*, 306 F.3d 904 (9th Cir. 2002), and is met where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Petitioner will prevail if the record in this case is "so devoid of evidence that the findings of the . . . board were without support or otherwise arbitrary." *Id* at 457.

In this case, the Oregon Court of Appeals concluded that there was substantial evidence in the record which supported the Board's May 25, 2005 Order:

11 - OPINION AND ORDER

> [Petitioner's] 20-year robbery sentence has not expired. Rather, as imposed by the trial court, that *sentence* did not begin to run until the last of petitioner's preceding five-year sentences expired -- on this record, December 1, 1993. Indeed, even the Board's August 5, 1986, order stated petitioner's expiration date -- presumably, the date at which his longest-and latest-running sentence expires -- as November 12, 2018, and its succeeding orders stated that date as, at the earliest, November 21, 2013. Accordingly, ORS 144.310(1) (1985) and the board's orders that predated May 25, 2005, did not confer on petitioner a protected liberty interest in discharge on an earlier date. The board's May 25, 2005, order did not violate petitioner's rights under the Due Process Clause.

Strawn, 217 Or. App. at 550.

As an initial matter, it is difficult to conclude the Board "unsummed" petitioner's sentence where it did not follow the required protocol to do so. Specifically, in order to "unsum" a prisoner's sentence pursuant to ORS 144.785(2), the Board must find "by an affirmative vote of at least four of its members, that consecutive sentences are not appropriate penalties for the criminal offenses involved and that the combined terms of imprisonment are not necessary to protect community security." No such findings were made in this case.

Even assuming it is possible to "unsum" a sentence through implication, that was not done in this case. As the Oregon Court of Appeals found, the Board's orders consistently and unambiguously assumed that the 20-year sentence began after the expiration of the consecutive five-year sentences imposed in Linn County. *Strawn*, 217 Or. App. at 548. The Oregon Court of Appeals also determined, as a matter of state law, that petitioner's sentence had not

12 - OPINION AND ORDER

expired. Although petitioner disagrees with this conclusion, this court is bound to accept it. *See Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir. 2000) ("a federal court is bound by the state court's interpretations of state law.") (*citing Wainwright v. Goode*, 464 U.S. 78, 84 (1983)); *see also Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (state courts are the ultimate expositors of state law). If petitioner's sentence had not yet expired, the Board could not possibly have "unsummed" it.

Because the Board did not "unsum" petitioner's 20-year sentence in this case, the state court decision denying relief on this due process claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

C.  **Ground Six Analysis**

In Ground Six, petitioner asserts that the state habeas trial court erred when it granted the State's Motion to Dismiss, a Motion which was predicated on Oregon's state-law prohibition against bringing a habeas action where another remedy is available. *See Billings v. Maass*, 86 Or. App. 66, 68 (1987); *Adams v. Clements*, 183 Or. App. 297, 210 (2002). Petitioner's Ground Six claim does not challenge the legality of his confinement, and instead asks the court to invalidate a state court procedural rule. As such, Ground Six does not constitute a proper habeas corpus claim. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (habeas corpus is the proper mechanism to challenge legality of confinement); *see also* 28 U.S.C.

13 - OPINION AND ORDER

§ 2254(a) (federal habeas courts may only entertain attacks on state court judgments which violate federal treaties or the federal Constitution).

Even if petitioner could state a valid claim for pleading purposes, there is no clearly established federal law which advises Oregon's courts that the habeas prohibition employed in this case is unlawful. Thus, habeas relief is not available for this claim.

### CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___8___ day of June, 2010.

_____
Owen M. Panner
United States District Judge

14 - OPINION AND ORDER